**THEIDA SALAZAR** SBN: 295547
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: salazarlawgroup@gmail.com

*Attorney for Plaintiff, Cleaferse McCowen*

## UNITED STATES DISTRICT COURT OF CALIFORNIA
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAFERSE MCCOWEN, an Individual, | **Case No.:** |
| Plaintiff, | |
| | **COMPLAINT FOR DAMAGES** |
| v. | JURY TRIAL REQUESTED |
| DEPARTMENT OF VETERANS AFFAIRS, a Government Agency; ELI SISNEROS, in his employment and individual capacities; and Does 1 through 50, Inclusive, | |
| Defendants. | |

COMES NOW Plaintiff, CLEAFERSE MCCOWEN, by and through the undersigned counsel, complains, alleges and avers as follows:

### JURISDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and California state statutes prohibiting employment discrimination in order to secure protection and redress deprivation of rights under these laws.

2. Cleaferse McCowen's ("McCowen") statutory claims arise under including but not limited to Title VII of the Civil Rights Acts of 1964 ("Title VII"), as amended and

MCC COMP| 1

codified as, 42 U.S.C. §2000e-2 *et seq.* and The Americans with Disabilities Act of 1990, as amended and codified as, 42 U.S.C. §12101, *et. seq.*

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1331.

4. This action, also, includes five claims arising out of California state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. §1367(a). McCowen asserts he was treated disparately, subjected to discriminatorily hostile work environment as well as retaliation due to his disability which is strictly prohibited by the Civil Rights Acts of 1964 ("Title VII") and The Americans with Disability Act.

5. Jurisdiction in this case is also proper pursuant to California Civil Code §410.10 and §395(a) of the California Code of Civil Procedure.

6. This Court has jurisdiction over McCowen's state law claims pursuant to 28 U.S.C. §1367(a).

7. As McCowen's employer, during the relevant time period, Defendant, DEPARTMENT OF VETERAN AFFAIRS (hereinafter referred to as "DVA") is a Federal agency operating within the County of San Diego, State of California and employing persons within the State of California.

8. Venue is proper in the District of California pursuant to 28 U.S.C. §1391(b) because the claimed unlawful employment practices were committed in and arose in the District of southern California.

## PARTIES

9. Plaintiff, Cleaferse McCowen's ("McCowen") is an Individual and at all times mentioned in this Complaint was as a resident of San Diego County, California and at all times began his employment with Defendant.

10. Defendant, DEPARTMENT OF VETERANS AFFAIRS ("DVA") is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended. Department of Veteran Affairs is a Government Agency conducting business in San Diego County, California and the unlawful employment practices stated below were committed within the State of California.

11. Defendant, ELI SISNEROS ("Eli") is a Chief Engineer and at all times mentioned in this Complaint is a supervisor for DVA in San Diego California. Eli was an employee

and supervisor within the meaning of Title VII of the Civil Rights Act of 1964, as amended and Eli's unlawful employment practices stated herein were committed within San Diego, California.

12. As an employers and supervisors in California, Defendants DVA and Eli are required to comply with all state and federal statutes, which prohibit harassment, discrimination and retaliation based on an individual's race and gender.

13. DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants. The true identities of the DOE Defendants and ROE CORPORATIONS are unknown to Plaintiff at this time. Plaintiff therefore alleges that DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for damages or injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or employees. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Plaintiff.

14. At all times relevant hereto, Mc Cowen was employed by Defendant Veteran Affairs who operates in San Diego County, California.

## **FACTUAL ALLEGATIONS**

15. This case is a pervasive employment discrimination case whereby Defendant reprehensibly and repetitively violated several well established discrimination laws that was detrimental to Mc Cowen which ultimately led to a coerced resignation.

16. Solely pertaining to this case, Mc Cowen was a seasoned employee for DVA.

17. Mc Cowen was a loyal and dedicated employee for and with DVA.

18. Unfortunately in 2017, McCowen employment took a severe down turn when DVA employed Adan Eliseo Sisneros also known as "Eli Sisneros" ("Eli").

LAW OFFICES OF THEJDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

19. Once Eli became the Assistant Chief Engineer, he decided to subject McCowen to unscrupulous, disrespectful, racist taunts as well as demeaning behavior and statements by Eli.

20. Eli states he was subjected to a hostile work environment based on race, age and physical disability as evidenced by the following several events herein.

21. Eli often and consistently referred to McCowen as "Black Beauty" in an unprofessional and scornful manner which is undoubtedly unprofessional as well as discriminatory on several levels.

22. Eli undermined McCowen because his motor installation was complete within 3 to 4 hours which is a normal amount of time for proper installation of a motor which in normal situation would be double that time.

23. Most egregiously, Eli mocked and slighted the McCowen by stating it should have been an hour job speaking and scolding McCowen as if he was a slave in the field.

24. Eli threated McCowen that "he was not sure about his work and further employment."

25. This statement was a clear threat regarding McCowen's future termination. This abuse of power by Eli is simply horrendous.

26. One day, Eli unnecessarily yet purposefully yelled "what is wrong with you, are you crazy? I'm your boss." This yelling was intentional with the intent to embarrass and demean McCowen in the work environment.

27. Thus, creating a hostile work environment for McCowen.

28. Most importantly, DVA and its staff singled out the McCowen to be counseled for using profanity. McCowen states this counseling was discriminatory because other Latinos and Caucasians, who also used profanity were never reprimanded for the same.

29. DVA additionally engaged in further derogation, by denying and refusing to allow the Union representative to be present at the "counseling" meeting which is definitely an employment violation.

LAW OFFICES OF THEJDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

30. Further, DVA states blatant falsehoods by stating that DVR was unaware of the McCowen's age, disability and race; said statements are just purposeful falsities.

31. The idea that DVA and upper management employees want people to believe that it hired an employee knowing nothing about said employee that is purely preposterous.

32. It is clear that despite McCowen's dedication of service to this country was ignored and thus resulting in McCowen having to endure despicable, demeaning, disrespectful, detestable, disreputable, degrading heinous, abhorrent as well as unscrupulous conduct and action during his unwavering commitment to his Federal Government employment. (see **Exhibit 2- Detailed Statement of the Facts**)

33. The facts that the McCowen presented to the DVA remain unheard and failed to be addressed properly is evidence of the horrid acts of the DVA.

34. For these reasons, McCowen files this employment discrimination and retaliation case against the Defendants.

## FIRST CAUSE OF ACTION
### RACIAL DISCRIMINATION 42 U.S.C. §2000e-2 *et seq.*
### (Against All Defendants)

35. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through thirty-six (36) as though fully set forth hereafter.

36. The Civil Rights Act was a very significant piece of legislation when it was enacted in 1964 and continues to **protect individuals against discrimination**. The Act has many anti-discrimination provisions including Title VIII of the Civil Rights Act of 1964 ( Equal Employment Opportunities) which **prohibits employment discrimination based on race**, color, religion, sex, and national origin  (*bolded and italicized for emphasis*)

37. In this case both, Defendants, DVA and Eli violated by intentionally purposefully allowing race discrimination within its premises.

38. Defendants are the owners, directors, supervisors, and employees at DVA, where McCowen was employed for several years.

39. That McCowen is an African American male.

40. McCowen endured several statements being made about him including racially inappropriate comments.

41. To add insult to injury, Eli frequently called McCowen "Black Beauty" which is a discriminatory statement by the reference of black and a grown man being called an effeminate term Beauty. This is discrimination at its core.

42. McCowen's belief and complaints that he was being disparately treated due to his race and Defendants failed to provide and substantive redress for the same.

43. Defendants' omission and failure to provide redress for McCowen's implied racial discrimination.

44. Furthermore, it was well known that Defendants were focused on harassing and discriminating against McCowen yet allowed Latinos and Caucasians to interact freely, enjoy the work environment, promote, and use profanity like water and the disparate treatment actions prove the Defendants' racial discriminatory intent.

45. Here, McCowen endured perfuse racial discrimination because of Defendant binding and engagement with race discrimination.

46. Eli engaged and instigated the racial discrimination against McCowen.

47. Yet, Defendant DVA were well aware of the racist situation and failed to rectify the racial discriminating situation.

48. Thus, Defendants' acts and omissions were the substantial factor of the race discrimination harm that McCowen endured in this matter.

49. In this case, McCowen was harmed emotionally as well as monetarily.

50. McCowen experiences and endures actual damages in an amount subject to proof at trial.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

51. Defendants' actions are intentional and done with willful disregard for the well-established and well-known legal rights of McCowen.

52. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

### SECOND CAUSE OF ACTION
**AGE DISCRIMINATION 42 U.S.C. §2000e-2 *et seq.***
**(Against All Defendants)**

53. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through fifty-four (54) as though fully set forth hereafter.

54. The Civil Rights Act was a very significant piece of legislation when it was enacted in 1964 and continues to ***protect individuals against discrimination***. The Act has many anti-discrimination provisions including Title VIII of the Civil Rights Act of 1964 ( Equal Employment Opportunities) which ***prohibits employment discrimination based*** on race, color, ***age***, religion, sex, and national origin  (*bolded and italicized for emphasis*)

55. In this case both Defendants violated 42 U.S.C. §2000e-2 *et seq.* by intentionally purposefully allowing gender discrimination within its premises.

56. Defendants are the owners, directors, supervisors, and employees at DVA, where McCowen was employed for several years.

57. That McCowen is a matured African American male.

58. McCowen endured several statements being made about him including comments insinuating that he was too old to continue to work for DVA.

59. Making comments regarding the ability to complete work in a ridiculous manner of time is indeed age discrimination.

60. Specifically, when Eli demeaningly and egregiously, mocked and slighted the McCowen by stating a motor installation should have been an hour as if said job duty could be done in that manner of time.

61. Eli was insinuating and making a sly affront regarding McCowen's age which is illegal age discrimination.

62. Defendant DVA and Eli received complaints and concerns regarding McCowen feeling uncomfortable with said comments and statements.

63. McCowen complained about said statements and was rebuffed by the Defendants.

64. Defendants' omission and failure to provide redress for McCowen's implies evidence of the Defendant's accountability for the age discrimination.

65. Furthermore, it was well known that Defendants and its establishments were predominately filled with younger employees and more than likely McCowen's position is now filled with a person of a younger age which is further evidence of age discrimination.

66. It is simply deplorable and dishonorable that Defendants allowed this conduct to continue after McCowen's complaints.

67. Here, McCowen endured perfuse age discrimination because of Defendants binding and engagement with age discrimination.

68. Yet, Defendants DVA and Eli were well aware of the age discrimination situation and failed to rectify the gender discriminating situation.

69. Thus, Defendants' acts and omissions were the substantial factor of the age discrimination harm that McCowen endured in this matter.

70. In this case, McCowen was harmed emotionally as well as monetarily.

71. McCowen experiences and endures actual damages in an amount subject to proof at trial.

72. Defendants' actions are intentional and done with willful disregard for the well-established and well-known legal rights of McCowen.

73. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

### THIRD CAUSE OF ACTION
**DISABILITY DISCRIMINATION CAL. GOV. CODE §12940(A)**
**(Against All Defendants)**

74. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through seventy-five (75) as though fully set forth hereafter.

75. Defendant knows or should know of its obligation, pursuant to The Americans with Disabilities Act of 1990, as amended and codified as, 42 U.S.C. §12101, et. seq., ("ADA") to maintain work places free of disability discrimination.

76. Defendant failed and continues to fail to take reasonably adequate steps to prevent and correct discrimination based on disability in its workplace in California.

77. McCowen is a qualified individual with disabilities under the ADA because McCowen has physical and mental impairments that substantially limits one or more of his major life activities.

78. Moreover, in accordance with the ADA, McCowen has a medical record of said disability as well as being regarded as having the same.

79. Furthermore, regarding the employment herein, pursuant to the ADA McCowen is a qualified employee with disabilities who, with reasonable accommodation, can perform the essential functions of the job for which she had been hired to perform.

80. Defendants failed to take reasonably adequate steps to prevent and correct discrimination based on disability in its workplace in California.

81. McCowen has qualified disabilities under the ADA because McCowen has physical and mental impairments that substantially limit one or more of his major life activities.

82. Yet, McCowen was subjected to pervasive discrimination due to his disability with comments that he was not moving fast enough.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

83. Most notably, Further, Defendants engaged in harassing tactics against McCowen with constant skepticism as well as derogatory comments.

84. Defendants subjected McCowen to disparate treatment by creating a hostile work environment hereby singling out McCowen because of his disability; thus rendering disparate treatment.

85. Defendants, acting through and with its employees, discriminated illegally against McCowen.

86. McCowen charges that Defendants, DVA and Eli, have discriminated against him based on his disability in that he is subjected to intentional acts and procedures.

87. McCowen experiences and endures actual damages in an amount subject to proof at trial.

88. Defendants' actions are intentional and done with willful disregard for the well-established and well-known legal rights of McCowen.

89. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

### FOURTH CAUSE OF ACTION
#### RETALIATION PURSUANT TO 42 U.S.C. § 4000E-3
#### (Against All Defendants)

90. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through ninety-one (91) above as though fully set forth hereafter.

91. Federal Law 42 U.S.C. §2000e-3 specifically ***prohibits*** an employer from ***taking retaliatory action against an employee*** for attempting to invoke his rights under the Federal Discrimination Laws. (bolded and italicized for emphasis)

92. Here, it is abundantly clear that McCowen filed complaints and comments on unscrupulous conduct as well as grievances regarding the discrimination, violations and wrongful conduct of the Defendants.

93. The facts indicate that the more McCowen stood solid in his right to aggrieve his complaints and grievances resulted in stronger and increased retaliation.

94. Again, DVA and Eli was McCowen's employer and supervisor thus Defendants controlled McCowen's employment environment.

95. It is clear that, both, Defendants, DVA and Eli were fully aware that McCowen disclosed and complained about improper conduct in the workplace.

96. That DVA and Eli in retaliation, because McCowen refused and blatantly ignored grievances thus forcing McCowen to retire in an effort to escape the hostile environment.

97. It is clear and evidenced that McCowen's disclosures, complaints, reports and grievances were the contributing factor that led to DVA and Eli's despicable and unauthorized retaliatory conduct against McCowen.

98. DVA and Eli retaliated against McCowen which is a direct violation of 42 U.S.C. §2000e-3.

99. Here, it is clear that DVA and Eli's actions and failure to rectify the actions occurring caused McCowen harm financially and mentally.

100. Thus, Defendants' DVA and Eli retaliatory conduct is the substantial factor of causing harm to McCowen in this matter.

101. McCowen experiences and endures actual damages in an amount subject to proof at trial.


## FIFTH CAUSE OF ACTION
### WHISTLEBLOWER RETALIATION CAL. LABOR CODE §1102.5(B
### (Against All Defendants)

102. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and three (103) above as though fully set forth hereafter.

103. California Labor Code §1102.5(b) states as follows,

> "*[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information*, or because the *employer* believes that the employee disclosed or *may disclose information, to…a person with authority over the employee or another employee who has the authority* to investigate, discover, or *correct the violation or noncompliance…a violation of or noncompliance* with a local, state, or federal rule or *regulation*, regardless of whether disclosing the information is part of the employee's job duties." (*bolded and italicized for emphasis*)

104. McCowen meets the requirements to prove that the Defendants DVA and Eli retaliated against McCowen when he filed complaints regarding disparate treatment.

105. DVA and Eli were McCowen's employer and supervisor, both, Defendants controlled McCowen's employment.

106. That DVA and Eli in retaliation, ignored McCowen and his complaints of the hostile work environment and disparate treatment that McCowen endured while employed by the Defendants.

107. It is clear and evidenced that McCowen's disclosures, complaints, reports and grievances were the contributing factor that lead to the despicable and unauthorized retaliatory conduct against McCowen.

108. The final stab of retaliation occurred when DVA and Eli unjustifiably stated to McCowen "I'm not sure about your work and further employment."

109. Obviously a statement on this nature insinuate that in the future that Defendants were intending to unjustifiably terminated McCowen; thus coercively leading McCowen to volunteering retirement from his position.

110. These actions are purely abhorrent, disheartening and disrespectful.

111. Here, it is clear that DVA and Eli's actions and failures to rectify the disturbing actions occurring caused McCowen harm financially and mentally.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

112. Thus, Defendants' DVA and Eli retaliatory conduct is the substantial factor of causing harm to McCowen in this matter.

113. McCowen experiences and endures actual damages in an amount subject to proof at trial.

## SIXTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION §12940(K)
### (Against Defendant DVA)

114. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and fifteen (115) above as though fully set forth hereafter.

115. Government Code §12940(k) ("Gov. Code§12940(k)") states, "it is unlawful for…[an entity to] (k) …*fail to take all reasonable steps necessary to prevent discrimination from occurring*.." (*bolded and italicized for emphasis*)

116. In this case, Defendants, DVA violated Gov. Code §12940(k) by failing to ensure while failing provide proper responses, policies and procedures to prevent employment discrimination.

117. That McCowen was a matured African-American male employee at DVA.

118. That Defendant DVA was the employer of McCowen during the time period of the facts and incidents mentioned in this Complaint.

119. It is clear that based upon the above-referenced facts, that DVA subjected and allowed the subjugating discrimination of McCowen.

120. Thus, DVA adversely allowed a definite hostile work environment caused by race, age and disability discrimination.

121. It was well known that DVA's employees were discriminating, retaliating and subjecting McCowen to a hostile work environment which caused harm to McCowen.

122. Despite the awareness of the complaints and grievances for the race, age and disability discrimination, Defendant DVA failed to remedy and corrects said discriminatory acts leveled against McCowen.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

123. Most horrendously, because of the failure to prevent the harassment and discrimination, McCowen felt extremely uncomfortable coming to his daily employment.

124. Defendant DVA failed to take any reasonable steps to protect McCowen to prevent the race and gender discrimination.

125. Thus, Defendant DVA initial blatant omissions were the substantial factor of the discriminatory harm that McCowen endured in this matter.

126. In this case, McCowen was harmed emotionally as well as monetarily.

127. Most importantly, DVA failures to take any and all reasonable steps to prevent the discrimination were a substantial factor in causing confusion, anguish and unruly unprofessional behavior which created a hostile work environment.

128. McCowen experiences and endures actual damages in an amount subject to proof at trial.

129. Defendant DVA omissions and failures were intentional and done with willful disregard for the well-established and well-known legal rights of McCowen.

130. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

### SEVENTH CAUSE OF ACTION
#### FAILURE TO PREVENT RETALIATION §12940(K)
#### (Against Defendant DVA)

131. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and thirty-two (132) above as though fully set forth hereafter.

132. Government Code §12940(k) ("Gov. Code§12940(k)") states, "it is unlawful for…[an entity to] (k) …*fail to take all reasonable steps necessary to prevent retaliation from occurring*.." (*bolded and italicized for emphasis*)

133. In this case, Defendant DVA violated Gov. Code §12940(k) by failing to ensure while failing to enforcing policies to prevent retaliation.

134. That McCowen made complaints regarding the hostile workplace environment as well as unprofessional occurrences within the work place.

135. It is clear that based upon the above-referenced fact, that DVA subjected and allowed the retaliatory conduct towards McCowen which included ignoring his complaints as well as his coerced retirement.

136. Thus, DVA adversely allowed retaliation in work environment caused by discrimination.

137. It was well known that DVA's employees were retaliating against McCowen.

138. Despite the awareness of the complaints and grievances for the retaliation, Defendant DVA failed to remedy and correct said retaliatory acts leveled against McCowen.

139. It is obvious that DVA's failure to prevent the retaliation, made McCowen extremely uncomfortable in the work environment because he knew the work environment changed to extremely hostile after DVA hired Eli.

140. Defendant DVA failed to take any reasonable steps to protect McCowen to prevent the retaliation.

141. Thus, Defendant DVA's initial blatant omissions were the substantial factor of the retaliatory harm that McCowen endured during his employment.

142. In this case, McCowen was harmed.

143. Most importantly, Defendant DVA failure to take any and all reasonable steps to prevent the retaliation were a substantial factor in causing confusion, anguish and continuation of unruly retaliatory acts which created a hostile work environment.

144. McCowen experiences and endures actual damages in an amount subject to proof at trial.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

145. Defendant DVA omissions and failures were intentional and done with willful disregard for the well-established and well-known legal rights of McCowen.

146. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION
### VICARIOUS LIABILITY
### PURSUANT TO CALIFORNIA GOVERNMENT CODE §815.2(A)
### (Against DVA)

147. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and forty-nine (149) above as though fully set forth hereafter.

148. California Government Code §815.2(a) ("Gov. Code §815.2(a)") states "(a) [a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative" (*bolded and italicized for emphasis*)

149. Government Code §815.2 essentially supports that public entities are vicariously liable for their employees' common law negligence.

150. In this case, both, Defendant DVA violated Gov. Code §815.2(a) by their employees' discriminatory and retaliatory acts.

151. That DVA knew for months that discriminatory and retaliatory actions were wrong as well as against the well set employment laws of California.

152. Defendants DVA employ both, Eli and McCowen.

153. McCowen while employed by DVA endured discrimination and retaliation for months.

154. McCowen states that discrimination and retaliation cause harm to his mental and physical health.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

155. However, McCowen also states and alleges that DVA are responsible for the harm and damages because DVA and its board members have control over their employees that unleashed discriminatory and retaliatory acts against McCowen.

156. Most notably, the discriminatory and retaliatory statements and acts occurred by employees while said discriminating employees were acting and working within the scope of his employment with Defendant DVA while employees and supervisor, including Eli were outwardly rendered harm to McCowen.

157. Further, DVA intentional and blatant conduct of ignoring as well as failure to provide redress for the oppressive acts of their employees evidences the culpability of DVA.

158. It is surely evidenced in this matter that Eli had a majority of the responsibility for some these demeaning discriminatory actions leveled against McCowen.

159. Thus, Defendant DVA vicariously harmed McCowen.

160. As a proximate result of Defendant DVA's vicarious liability conduct, Plaintiff has incurred economic damages in an amount according to proof.

161. As a result of DVA's vicarious liability, McCowen has incurred and suffered damages in an amount in excess of $50,000.00.

### NINTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
#### (Against All Defendants)

162. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and sixty-four (164) above as though fully set forth hereafter.

163. McCowen claims that the Defendants' negligent acts and conduct caused McCowen to suffer serious emotional distress; the physical pain was excruciating but the mental stress exacerbated McCowen's mental anguish.

164. Defendants' conduct was outrageous and reckless.

165. Defendants' compulsive and constant discrimination and retaliation caused harm to McCowen.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

MCC COMP| 17

166. Defendants acted with reckless disregard and outright unconsciousness regarding the fact that McCowen would suffer severe mental injuries thus simultaneously causing McCowen to endure emotional distress.

167. Defendants' senseless discrimination and despicable retaliation demonstrates the infliction of emotional distress.

168. That Defendants' act to blatantly ignore McCowen as if he were not a human being essentially non-existent caused mental damage.

169. That McCowen incurred severe mental damages from Defendants' acts and omissions in this matter.

170. Defendants acted maliciously and oppressively, in negligent disregard of McCowen's civil rights thus negligently causing emotional harm to McCowen.

171. McCowen suffers severe emotional distress for the wayward discriminatory and retaliatory he endure in the hostile work environment.

172. In this instance, Defendants reckless disregard caused McCowen's serious emotional distress.

173. Defendants' negligent conduct, McCowen experiences mental anguish from the harassment.

174. Defendants' negligently caused emotional distress which resulted in McCowen incurring, and will continue to incur expenses.

175. As a direct and proximate result of Defendants' conduct, McCowen suffered general damages in an amount to be determined by proof at trial.

176. As a result of Defendants' negligent infliction of emotional distress, Plaintiff has been damaged and has suffered damages in an amount in excess of $50,000.00.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

**WHEREFORE**, Plaintiff, CLEAFERSE MCCOWEN prays for judgment against Defendants, and each of them as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For prejudgment interest;
4. For punitive damages against CISNEROS;
5. For post judgment interest;
6. For costs of suits incurred herein; and
7. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED this day ___27th___ July, 2020.

**THEIDA SALAZAR SBN: 295547**
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: *salazarlawgroup@gmail.com*

*Attorney for Plaintiff, Cleaferse McCowen*

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

MCC COMP| 19